IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-82441 |
| | ) | |
| BIOVANCE TECHNOLOGIES, INC., | ) | CH. 11 |
| a Delaware corporation, | ) | |
| | ) | |
| Debtor. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK10-82442 |
| | ) | |
| WILLIAM EDWARD JULIEN, | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

In each case, this matter is before the court on a motion for summary judgment filed by American National Bank (Fil. #323 in the Biovance case and Fil. #501 in the Julien case), and the amended objection to claim filed by Debtors (Fil. #312 in the Biovance case and Fil. #446 in the Julien case). Richard P. Garden, Jr. represents American National Bank ("ANB"), and Debtors William Edward Julien ("Julien") and Biovance Technologies, Inc. ("Biovance") are pro se. Evidence and briefs were filed and the motions were taken under advisement without oral arguments.

For the reasons discussed below, in each case, ANB's motion for summary judgment is granted and Debtors' amended objection to claim is overruled.

### *Background*

The parties agree on the following facts:

1.      This objection arises out of the Chapter 11 bankruptcy case of Julien and Biovance.

2.      This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157, 1334, and 1409. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

3.      ANB is a national banking corporation having its principal place of business in Omaha, Nebraska.

4.      Debtor is an individual who at all material times was a resident of Douglas County, Nebraska.

5.      On September 7, 2010, ANB filed Claim No. 3 in the Julien case. Thereafter, ANB liquidated the collateral and the debtor objected, asserting that the claim should be limited to the deficiency after liquidation of the collateral. ANB subsequently filed an amended proof of claim

consistent with Debtors' objection. No further objections have been raised regarding the amended Claim No. 3-3.

6. On October 15, 2010, ANB filed Claim No. 10 in the Julien case pertaining to Julien's liability as a guarantor of two equipment leases.

7. ANB was lessor and Biovance Texas, LLC ("Biovance Texas") was lessee under a lease dated May 21, 2009 (Lease #8452). The lease was for industrial coolers and various accessories that ANB owned and leased to Biovance Texas, LLC. Julien personally guaranteed payment of Lease #8452.

8. As security for its obligations under Lease #8452, Biovance Texas (or a related entity) granted to ANB a security interest in a certificate of deposit having a face amount of $150,000.00. The grant of security interest secured all obligations of Biovance or Biovance Texas to ANB.

9. After Claim No. 10 was filed with this court in the Julien case, ANB liquidated the certificate of deposit that was security for Lease #8452. ANB received only the face amount of the certificate of deposit, or $150,000.00, and not any interest that had accrued or been earned on the certificate of deposit, and ANB applied all of the proceeds of the certificate of deposit, or $150,000.00, to make the payments due under Lease #8452.

10. After Claim No. 10 was filed with this court, ANB liquidated the leased property under Lease #8452, and received $40,000.00 for the leased property. ANB applied all of the proceeds, or $40,000.00, to the payments due under Lease #8452.

11. ANB did not apply any of the proceeds of the certificate of deposit or from the sale of the leased property to ANB's costs and expenses.

12. Julien also guaranteed Lease #8441, a lease of computer equipment to Biovance. Julien's obligations as guarantor are also part of Claim No. 10 in the Julien case and Biovance's obligations as lessee are Claim No. 6 in the Biovance case. The leased equipment has not been repossessed or liquidated.

13. During the pendency of this bankruptcy case, ANB filed suit in the District Court of Lancaster County, Nebraska, Case No. CI 11-3630, wherein ANB asserted breach of contract, breach of warranty, conversion, and fraud claims against the former controller of Biovance Texas and against a vendor arising out of Lease #8452.

14. ANB recovered a settlement of $50,000.00 in the lawsuit filed in the District Court of Lancaster County, Nebraska.

15. In September 2013, ANB received the sum of $4,250.00 from Julien as a partial distribution under the confirmed plan on Claim No. 10.

*Discussion*

Under 11 U.S.C. § 502, a proof of claim filed in a bankruptcy proceeding is deemed allowed unless a party in interest objects. *Gran v. Internal Revenue Serv. (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). Under Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. "'The objecting party must then produce evidence rebutting the claim or else the claimant will prevail. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the validity of the claim by a preponderance of the evidence.'" *Gran*, 964 F.2d at 827 (quoting *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988)). Under those guidelines, each proof of claim will be addressed below.

As described more completely in the factual background section of this Order, the procedural history of these matters is somewhat unique. ANB timely filed its proofs of claim, though it did not use the official form. After Debtors objected to those claims, ANB filed amended claims. This court implicitly allowed ANB to do so when it mooted the original claim objections filed by Debtors and ordered the amended claims and the amended claim objections to proceed to trial (Fil. #452 in the Julien case and Fil. #315 in the Biovance case). Debtors raised a number of objections, but in their opposition to ANB's motion for summary judgment raise only three issues for the court's consideration.

First, Debtors argue that ANB should be judicially estopped from amending its original Claim No. 10 in the Julien case. This is the claim that arises out of Julien's guaranty of two equipment leases – a lease of industrial coolers and accessories to Biovance Texas and a computer lease to Biovance. Debtors make a similar argument about Claim No. 6 in the Biovance case pertaining to the same computer lease that is one of the subjects of Claim No. 10 in the Julien case.

When ANB first filed Claim No. 10, it asserted that the unpaid amount due under the leases was $271,369.26. Subsequently, ANB realized collections under both leases and, after request by Debtors, filed an amended Claim No. 10 on October 18, 2013. When it did so, ANB recalculated the total amount due under the leases in a manner consistent with Article 2A of the Uniform Commercial Code, asserting that its calculation under its initial proof of claim was erroneous. After applying all credits for amounts collected, ANB asserts that there is due and owing $120,943.23 under the leases.

Notably, Debtors do <u>not</u> dispute the validity of ANB's revised calculations or its reliance on Article 2A of the Uniform Commercial Code. Thus, the validity of ANB's calculation is not at issue. Instead, Debtors argue that while ANB should be required to amend its claim to reflect credits for payments and collections made, ANB should not be allowed to amend the starting point of its claim calculations – that is, the balance due on the date of bankruptcy filing. The doctrine of judicial estoppel "'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *E.E.O.C. v. CRST Van Expedited,*

*Inc.*, .679 F.3d 657, 679 (8th Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

Debtors do not, however, offer any facts to support the application of judicial estoppel. In particular, Debtors fail to identify where ANB prevailed in one phase of the case or where it is taking a contradictory position to prevail in another phase. Nothing of the sort happened here. Instead, ANB simply corrected its calculation of the original balance due under the leases (the validity of which Debtors apparently do not dispute), and then applied payments and other credits resulting in a balance due. There are simply no facts to suggest that judicial estoppel should be applied to prevent ANB's claim amendment. That portion of Debtors' objection is overruled.

Debtors next argue that "ANB must apply the third-party collections to its proof of claim." This objection pertains to ANB having received $50,000.00 from third parties to settle litigation related to the industrial coolers lease with Biovance Texas.

In *Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243 (1935), the United States Supreme Court held that a creditor who had foreclosed a mortgage on property not owned by the debtor could assert a claim against the debtor for the full amount of the debt, not merely for the balance required to make the creditor whole. *Id.* at 245-46. Later, in *Reconstruction Fin. Corp. v. Denver & R.G.W.R. Co.*, 328 U.S. 495 (1946), the Supreme Court stated that "[t]he rule is settled in bankruptcy proceedings that a creditor secured by the property of others need not deduct the value of that collateral or its proceeds in proving his debt." *Id.* at 529 (citing *Ivanhoe).*

Even before those Supreme Court decisions, the Eighth Circuit Court of Appeals recognized:

> [T]he holder of a claim, upon which several parties are personally liable, may prove his claim against the estates of those who become bankrupt and may at the same time pursue the others at law, and, notwithstanding partial payments after the bankruptcy by other [parties] or their estates, he may recover dividends from each estate in bankruptcy upon the full amount of his claim at the time the petition in bankruptcy was filed therein until from all sources he has received full payment of his claim, but no longer.

*Bd. of Comm'rs of Shawnee County, Kansas v. Hurley*, 169 F. 92, 97 (8th Cir. 1909).

Based on the foregoing authority, ANB asserts that it is not yet required to credit the $50,000.00 it received from third parties on its claims against Debtors. ANB acknowledges that it is entitled to only one recovery of the full amount, but that until it has received full recovery, it is entitled to assert the entire indebtedness against all parties who are liable.

Debtors argue that because the confirmed plan provides for payment in full of all claims, ANB must immediately credit the third-party settlement amounts it received. In support, Debtors cite a California bankruptcy case which actually supports ANB's position – *In re Del Biaggio,* 496 B.R. 600 (Bankr. N.D. Cal. 2012) (holding that a proof of claim need not be reduced by amounts

recovered from a third party unless the creditor would otherwise reap a double recovery). Accordingly, I disagree with Debtors' objection. The confirmed plan is not a recovery or payment in full. Instead, it is a promise to pay. The foregoing authorities are clear that until such time as ANB has received payment in full, it is entitled to assert the balance due against all responsible parties. Therefore, this objection by Debtors is also overruled.

As their third and final argument, Debtors argue that they are entitled to seek sanctions for ANB's continued pursuit of its inaccurate proof of claim. To the extent this objection is based on the validity of the prior two objections, it is overruled because the prior objections have been overruled. Debtors also seem to be arguing that prior to filing its amended claim ANB had included in its claim certain post-petition late charges. Rather than argue over the merits of the inclusion of such post-petition charges, ANB simply removed them when it filed its amended proof of claim in November 2013. ANB amended its claim promptly after Debtors raised issues with ANB about amending its claim to reflect collections and credits. A review of the record reveals that ANB acted reasonably with regard to amending its claim and that Debtors have failed to state any grounds for the imposition of monetary sanctions against ANB.

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

IT IS, THEREFORE, ORDERED that ANB's motion for summary judgment (Fil. #323 in the Biovance case and Fil. #501 in the Julien case) is granted, and Debtors' amended objection to the proofs of claim of ANB (Fil. #312 in the Biovance case and Fil. #446 in the Julien case) is overruled.

DATE: June 23, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Richard P. Garden, Jr.
    William Edward Julien
    Biovance Technologies, Inc.
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.